IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 10-cv-00674-CMA-KLM

CHRISTINE M. CONNER, and
THOMAS M. CONNER,

    Plaintiffs,

v.

WELLSTONE REALTY COMPANY, LLC, and
WELLSTONE AT CREEKSIDE, LLC,

    Defendants.

---

**ORDER SETTING HEARING ON PLAINTIFFS' RENEWED MOTION
FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT**

---

This matter is before the Court on a Renewed Motion for Entry of Default and Default Judgment (Doc. # 11), filed by *pro se* Plaintiffs Christine M. Conner and Thomas M. Conner on August 16, 2010. On August 20, the Clerk of Court entered default as to Defendants Wellstone Realty Company, LLC and Wellstone at Creekside, LLC, pursuant to Plaintiffs' Renewed Motion. (Doc. # 15.)

On March 23, 2010, Plaintiffs filed a Verified Complaint against Defendants, as a result of Defendants alleged breaches of, and default on, a secured promissory note obligation. (Doc. # 1.) Plaintiffs assert that, on July 18, 2008, Defendant Wellstone Realty Company issued a Secured Promissory Note (the "Note") in the amount of $150,000, which Note carries an annual interest rate of 18% and a maturity date of

October 4, 2008.  (Doc. # 1, ¶ 1; *see also* Doc. # 11 at 7).  The Note is subject to an accompanying Security Agreement, which also bears an effective date of July 18, 2008.  (Doc. # 11 at 11-16).  As collateral, the Security Agreement included the assignment of all Wellstone Realty Company's "now owned and hereafter acquired and wherever located personal property[.]"  (*Id.*, at 11, ¶ 1.1).

Wellstone Realty Company subsequently issued an Assignment of Contract Proceeds, dated November 17, 2008, in which it assigned as additional collateral, "a security interest in and lien on . . . all of [Wellstone Realty's] right, title and interest in and to all Proceeds . . . and claims for Proceeds and monies due and to become due to [Wellstone Realty]." (*Id.* at 18, ¶ 1.)  Then, on November 18, 2008, Defendant Wellstone at Creekside issued an Assignment of Proceeds in which it assigned to Plaintiffs all if its right, title, and interest in and to $270,000.  (*Id.* at 22.)

In the instant Renewed Motion, Plaintiffs ask the Court to enter judgment in their favor in the amount of $150,000 in principal, plus interest, which, as of August 16, 2010, Plaintiffs calculated to be $150,558.90 (representing 12 months of interest from July 18, 2008 at 72% per annum and 12% per annum for 13 months), for a total of $300,558.90.  (*Id.* at 3.)  In support, Plaintiffs submitted copies of the various at-issue agreements and an Affidavit of Thomas M. Conner, in which Mr. Conner identifies the agreements and certain of Defendants' obligations.  (Doc. # 11 at 5-22; Doc. # 11-1.)

Pursuant to Fed. R. Civ. P. 55(b)(2), judgment by default may be entered:

By the Court.  In all other cases, the party must apply to the court for a default judgment.  A default judgment may be entered against a minor

or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when, to enter or effectuate judgment, it needs to:

    (A)    conduct an accounting;
    (B)    determine the amount of damages;
    (C)    establish the truth of any allegation by evidence; or
    (D)    investigate any other matter.

Upon review of the record, the Court finds that an evidentiary hearing in connection with Plaintiffs' Renewed Motion for Default Judgment is necessary. Of the four submitted agreements, only one of them is executed. (*See* Doc. # 11 at 18-20.) In particular, the Secured Promissory Note, the Security Agreement, and the Assignment of Proceeds are all unsigned. Also, although Plaintiffs identify the interest rate as "18% for three months and 72% per annum for the first year, thereafter 12% per annum," the Note appears to bear a single interest rate of 18% per annum, with a default rate increase of 1% per annum. (**Compare** Doc. ## 11 at 3 and 11-1, ¶ 2 **with** Doc. # 11 at 7, ¶ II(A).) Whether the at-issue agreements are enforceable contracts and what interest rates apply are material factual issues. Also material are (1) what, if any, amounts have Plaintiffs received pursuant to the Note, (2) what, if any, notices of default did Plaintiffs give Defendants pursuant to Section VII of the July 18, 2008 Security Agreement, and (3) this action aside, what, if any, remedies have Plaintiffs pursued pursuant to Section IX of the July 18, 2008 Security Agreement.

Therefore, based on the foregoing, Plaintiffs are directed to call Chambers **by no later than 4 p.m. on Friday, October 8** to set this matter for an evidentiary hearing. At the hearing, Plaintiffs will be expected to present the **originals** of the Secured Promissory Note and other documents and testimony in support of their claims and in support of their Renewed Motion for Entry of Default Judgment. The documentary evidence and testimony shall also address the aforementioned issues raised by the Court.

DATED: October   4  , 2010

BY THE COURT:

*(signature)*

CHRISTINE M. ARGUELLO
United States District Judge